453 So.2d 496 (1984)
STATE of Florida, Appellant,
v.
Mark Alan PLAWCHAN, Appellee.
No. AX-445.
District Court of Appeal of Florida, First District.
July 31, 1984.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellant.
Antony E. Fiorentino, Pensacola, for appellee.
JOANOS, Judge.
State of Florida petitions for writ of certiorari to review the circuit court's determination that the State's failure to preserve a sample of Plawchan's breath constituted suppression of evidence and a denial of constitutional due process.
Plawchan was initially charged for driving under the influence of alcohol. Breath analysis, using a device called a breathalyzer, indicated a .16 blood alcohol content. Plawchan entered a plea of nolo contendere to the amended charge of driving with an unlawful blood alcohol level, specifically reserving his right to appeal the denial of his motion to suppress the results of the breath analysis. The motion to suppress was based upon the State's failure to preserve a sample of Plawchan's breath which would be material to his defense. The breathalyzer used to test Plawchan's blood alcohol level was not equipped to preserve breath samples. The parties stipulated that Plawchan had requested production of the breath sample, that the breath sample had not been preserved and could not be produced, and that denial of the motion to suppress was dispositive of the issue of Plawchan's blood alcohol level. Expert testimony showed that the breathalyzer could be modified at an approximate cost of $200.00 to preserve a suspect's breath sample for six months. The circuit court, acting in its appellate capacity, found no bad faith in the State's failure to preserve a sample of Plawchan's breath, rather, it was routine procedure to destroy the samples in all cases. The circuit court determined, however, that under the circumstance that there was a scientifically approved method of preserving breath samples, the State's failure to do so amounted to suppression and destruction of evidence in violation of Plawchan's constitutional right to due process.
The State's intentional or negligent suppression of material evidence favorable to the accused after request for *497 such evidence constitutes a denial of due process, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Due Process Clause of the Fourteenth Amendment, however, does not require that law enforcement agencies preserve breath samples in order to introduce breath-analysis tests at trial. California v. Trombetta, ___ U.S. ___, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).
Accordingly, State of Florida's petition for writ of certiorari is granted, the decision of the circuit court is quashed and the order of the trial court is reinstated.
SMITH and ZEHMER, JJ., concur.