DELL, Judge.
The State petitions this court for a writ of common law certiorari to review an order of the circuit court acting in its review capacity. The circuit court affirmed an *1067 order of the county court suppressing breathalyzer test results. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B) and 9.100.
The State charged Frank Garafola by information with driving while under the influence. The breathalyzer indicated a blood alcohol level of 0.10% or above. At the time the officers administered the test, respondent did not request that another breath test, urine or blood test be done; and the officers did not preserve an additional breath sample. Respondent moved to suppress the results of the breathalyzer test and alleged that the denial of an opportunity to examine a separate sample of breath constituted a denial of his right to a fair trial and a denial of due process. The county court granted respondent’s motion and ruled that:
[I]t was ... fundamentally unfair and violative of due process not to preserve an additional sample of defendant’s breath when available means to do so exist, are relatively inexpensive, and such a procedure should be followed.
Petitioner appealed to the circuit court which affirmed the order of the trial court. This petition for certiorari followed.
After the circuit court reviewed the trial court’s order suppressing the breathalyzer sample, the Supreme Court of the United States held that the failure to preserve breathalyzer test samples does not constitute a violation of the Federal Constitution.
Given our precedents in this area, we cannot agree with the California Court of Appeal that the State’s failure to retain breath samples for respondents constitutes a violation of the Federal Constitution. To begin with, California authorities in this case did not destroy respondents’ breath samples in a calculated effort to circumvent the disclosure requirements established by Brady v. Maryland and its progeny. In failing to preserve breath samples for respondents, the officers here were acting “in good faith and in accord with their normal practices.” Killian v. United States, supra [368 U.S. 231] at 242, 82 S.Ct. [302] at 308 [7 L.Ed.2d 256 (1961)]. The record contains no allegation of official animus towards respondents or of a conscious effort to suppress exculpatory evidence.
More importantly, California’s policy of not preserving breath samples is without constitutional defect. Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect’s defense. To meet this standard of constitutional materiality, see United States v. Agurs, 427 U.S. [97] at 109-110, 96 S.Ct. [2392] at 2400 [49 L.Ed.2d 342] evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.
California v. Trombetta, — U.S. —, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984) (footnote omitted). We join with the First District Court of Appeal in adopting the holding of California v. Trombetta. See State v. Plawchan, 453 So.2d 496, (Fla. 1st DCA 1984).
Accordingly, we grant this petition for writ of certiorari and quash the orders of the circuit court and county court suppressing the evidence of the breathalyzer test results.
CERTIORARI GRANTED.
DOWNEY and HURLEY, JJ., concur.