# STATE OF FLORIDA v CHANNIN

## Case No. 91TT005029

County Court, Osceola County

July 15, 1991

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Steve Jablon, Esquire,** for defendant.

### OPINION OF THE COURT

LAWRENCE J. DAVIS, County Judge.

### *ORDER GRANTING MOTION TO DISMISS*

The Defendant was arrested by the Osceola County Sheriff's Department and charged with DUI. He claims his due process rights were violated because the arresting deputy decided not to video tape the Defendant at the jail.

At the hearing on the Motion to Suppress, Deputy Creamer testified he arrested the Defendant at 6:30 P.M. The Defendant was taken to the Sheriff's Department and taken to a breathalyzer room. The test was ready to be administered to the Defendant at 7:30 P.M., but the Defendant belched at 7:46 P.M. The test was restarted at 8:04 P.M., but the Defendant belched at 8:09 P.M. and the Deputy deemed this to be a refusal. The Deputy did not then video tape the Defendant because in his opinion too much time had elapsed since the arrest. During cross examination, however, he testified that he had done videos on persons as late as two to two and a half hours after an arrest. During the one year he had worked for the Sheriff's Department, this was his tenth arrest for DUI and in all nine cases he had video taped the Defendants. He testified the Sheriff's Department, to the best of his knowledge, had no policy about video taping suspects.

The Defendant testified that when he was arrested he told the Deputy he hoped he was being video taped. The Deputy did not recall the conversation. The Defendant testified that at no time was he ever requested to perform tests on video. He agreed to take field sobriety tests at the scene and believed other than his belching, he cooperated with the officer.

Attached to this opinion is the deposition of Lt. Patrice Cominskey, Director of Security for the Osceola County Jail, and Sgt. Robert Smith, a Sergeant in the Field Division, which are designated Appendix 1 and 2 respectively. Also, attached are Sections 79.6, 79.7, and 79.9 of the Standard Operating Procedure Manual of the Sheriff's Department which are designated Appendix 3, and one page from a Traffic Manual written in 1987 which is designated Appendix 4.*

The Court concludes that at least since 1987 it has been the written policy of the Sheriff's Department that persons arrested for DUI will be video taped and that this policy has been followed. The Deputy in this case clearly failed to follow the policy established by the Sheriff's Department.

The failure to follow this policy is a clear violation in this Court's opinion of the Defendant's due process rights.

The State's only evidence at trial will be the Deputy's testimony. It is the classic case of the one on one situation. The Defendant's testimony as to how he believed he behaved the night of the arrest and the arresting officers testimony. A video tape could be potentially exculpatory because it could impeach an officers testimony about how a Defendant performed roadside tests. It is an oft quoted phrase that a ". . . a picture is worth a thousand words." It has been this Court's

experience as a Trial Judge that a video is often as harmful as it is helpful to the State's case. A good video for a Defendant often times results in an acquittal.

This Court believes that a showing of bad faith has been made by the Defense. An individual officer has violated the long standing written policy of his own agency. The decision to video tape if left up to each officer would result in abusive practices. Here there was a ready means to preserve the performance of the Defendant with little inconvenience to the arresting officer. There is no indication that the Defendant would not have done the tests for the officer.

As the Court stated in *State v Powers*, 555 So.2d 888 (Fla. 2nd DCA, 1990), there is no constitutional duty to perform a particular test, but certain duties would arise once a policy of gathering evidence had been established. If the policy was not followed, this would be similar to the affirmative act of destroying evidence.

The proper remedy in this case is to dismiss the charge, therefore it is

ORDERED and ADJUDGED that this case is hereby DISMISSED.

DONE and ORDERED in Chambers, at Kissimmee, Osceola County, Florida, this the 15th of July, 1991.