HARRIS, Judge.
We accepted jurisdiction of this cause in order to answer a certified question. Having more fully reviewed the record, however, we find the question certified was based on an invalid premise. We therefore modify the question to read as follows.
IF THERE IS AN ESTABLISHED POLICE POLICY OF VIDEOTAPING FIELD SOBRIETY TESTS, IS IT A VIOLATION OF DEFENDANT’S RIGHTS IF NO TAPE IS PRODUCED BECAUSE OF THE MECHANICAL FAILURE OF THE VIDEO CAMERA?
We answer this question in the negative.
We reverse the trial court because we find that Betts’ due process rights were not violated. The officer attempted to videotape the roadside sobriety test but the camera malfunctioned. No tape was created; therefore, there was no tape to preserve. State v. Powers, 555 So.2d 888 (Fla. 2d DCA 1990), rev. denied, 563 So.2d 633 (Fla.1990), is not implicated in this ease because the failure to produce a tape was not an intentional policy decision.
The failure of a video camera to operate, without more, does not constitute a due process violation of defendant’s rights. If the officer had intentionally caused the malfunction in order to avoid the department’s policy of videotaping, an issue not before us, a different result might be required.
REVERSED and REMANDED.
W. SHARP and THOMPSON, JJ., concur.