NORTHCUTT, Judge.
The State appeals the dismissal of grand theft and battery charges against Alexander Bennett after the circuit court determined that Bennett’s due process rights were violated by the failure of law enforcement to preserve evidence. We reverse.
The charges stemmed from a hostile encounter between two groups of acquaintances at a gas station convenience store. According to the criminal report affidavit, Bennett’s friend Ms. Murray approached the victim, Mr. Barron, inside the store and pushed him several times. Barron went outside, where a friend was waiting in Barron’s car. Bennett accosted Barron and snatched Barron’s wallet from his hand, and the two began to fight. After the fight was broken up, Bennett and Murray left in a car driven by their friend Mr. Rodriguez. Law enforcement arrived to investigate the situation. Shortly thereafter, officers located Bennett and arrested him. He admitted his involvement in the incident.
An investigating detective viewed a video of the incident recorded by the convenience store’s surveillance system. His report described what he saw on the video and also stated that he had downloaded it. But when Bennett’s counsel requested a copy of the video in discovery, it was determined that the police had not in fact downloaded it and that the original recording had been automatically erased from the store’s system. Bennett moved to dismiss the charges against him. His motion alleged that the video could have been used to impeach witnesses’ statements, and it described the video as evidence “helpful to the defense.”
At the hearing on Bennett’s motion, the detective testified that the video had never actually been in law enforcement custody. He explained that he tried to download the video on the day he watched it, but his equipment failed. He sent a deputy to obtain a copy of the video the next day. The deputy returned and handed him a DVD, which the detective mistakenly thought held a copy of the video. He did not realize until Bennett filed his discovery request that the DVD instead contained still photographs of the crime scene.
The State advised the court that the witnesses who were present during the altercation would testify and that the defense could cross-examine them about what had happened. It posited that rather than a dismissal of the charges, the appropriate sanction would be to exclude any testimony about the video. When announcing its intention to grant Bennett’s motion, the court remarked: “Well, again, it might be exculpatory. We don’t know that. I doubt it, but again, no.”
We review an order granting a defendant’s motion to dismiss de novo. Bell v. State, 835 So.2d 392 (Fla. 2d DCA 2003). When determining whether a defendant’s due process rights have been violated by the State’s destruction of or failure to preserve evidence, a court must first consider whether the missing evidence was “materially exculpatory” or only “potentially useful.” The State has a duty to preserve materially exculpatory evidence, i.e., that which “might be expected to play a significant role in the suspect’s defense.” California v. Trombetta, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The Trombetta Court de *945 scribed such evidence as having “constitutional materiality,” in that it possessed “an exculpatory value that was apparent before the evidence was destroyed” and was “of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.” Id. at 489,104 S.Ct. 2528.
In contrast, evidence that is merely “potentially useful,” posing only some likelihood of exonerating a defendant, does not reach the standard of constitutional materiality discussed in Trombetta. Failure to preserve such evidence is a denial of due process only when law enforcement acts in bad faith. Arizona v. Youngblood, 488 U.S. 51, 56-58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).
As we pointed out in Bennett v. State, 23 So.3d 782, 792-94 (Fla. 2d DCA 2009),[1] the law is somewhat unsettled as to which side bears the burden of establishing whether the destroyed evidence is materially exculpatory or potentially useful. Under the facts of this ease, however, we need not reach this issue. It is undisputed that the video showed the altercation between Bennett and Barron, but it is also undisputed that at least three people other than the two participants also witnessed it. Thus the defense can obtain evidence comparable to the video in the form of the eyewitnesses’ testimony. See Trombetta, 467 U.S. at 489, 104 S.Ct. 2528. That being so, the unavailable video did not rise to the level of constitutionally material evidence.
When the missing evidence is only potentially useful, as was the case here, a defendant must establish that law enforcement acted in bad faith in order to prove a violation of his due process rights. Youngblood, 488 U.S. at 56-58, 109 S.Ct. 333. In the context of destroyed evidence, we have described bad faith as “a flagrant and deliberate act done ... with the intention of prejudicing the defense.” State v. Powers, 555 So.2d 888, 890 (Fla. 2d DCA 1990). Although the facts of this case reflected law enforcement’s negligence, they clearly did not establish bad faith.
We reverse the dismissal of the charges against Bennett and remand for further proceedings.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.

. The overview of the law on preservation of evidence in Bennett is actually dicta, 23 So.3d at 788, but it presents a comprehensive analysis of Florida, federal, and out-of-state case law on this topic. We also note that the Bennett in that case is not the same person as the Bennett in this one.