PER CURIAM.
The State challenges the dismissal of the information against Appellee. It contends the trial court erred in finding that it had committed a discovery violation by failing to retrieve and preserve a surveillance videotape from the retail store where Appel-lee had been arrested prior to the store erasing the tape. It argues that the tape was never in the government’s possession, was not exculpatory, and there was no evidence of bad faith. We agree and reverse.
Appellee filed a “Motion for Sanctions and in the Alternative Motion to Dismiss,” alleging that the State had violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and failed to comply with Florida Rule of Criminal Procedure *110 8.220(b)(1) by failing to provide a surveillance videotape within its possession and control. The State filed a response alleging that the sheriffs office had requested a copy of the videotape at the time of Appel-lee’s arrest and the store was to make it available. However, on more than one occasion, the arresting deputy returned to the store to get the videotape, but he was told that there was no tape and any tape would have been erased within 24 hours. The State contended that any failure in preserving the videotape was that of the store. After a brief hearing, during which no evidence was presented, the court rendered an order granting the motion to dismiss and releasing Appellee.
Below, Appellee framed the issue in terms of whether the State had committed a Brady violation, which is the basis on which the trial court granted the discharge. We agree with the State that the real issue in this case is whether the State violated Appellee’s due process rights by failing to preserve evidence, pursuant to Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). Under this analysis, it was incumbent on Appellee to show that the destroyed evidence was material, exculpatory evidence or that potentially useful evidence was destroyed (or not preserved) by the State acting in bad faith. Here, Appellee did not establish that the evidence was exculpatory, only that it might be useful to impeach the testimony of the deputy. Under these circumstances, it was Appellee’s burden to show that the State acted in bad faith, a burden that was not met.
REVERSED AND REMANDED.
GRIFFIN, TORPY and JACOBUS, JJ., concur.