EVANDER, J.
The State appeals the trial court’s order suppressing evidence of certain statements allegedly made by Appellee to law enforcement officers during a noncustodial interview. The trial court suppressed the evidence as a sanction, based on its determination that the law enforcement personnel had acted in bad faith as demonstrated by their “gross negligence” in losing or destroying the recording of the subject interview. Because the record does not support the trial court’s finding of bad faith, we reverse.
On July 4, 2013, Sergeant Mankewich and Detective Voyles of the Orange County Sheriffs Office contacted Appellee to discuss an allegation that Appellee had sexually battered a minor. The interview was conducted at Appellee’s residence. Approximately seven months later, Appel-lee was charged by information with two counts of lewd or lascivious battery. He was arrested shortly thereafter.[1]
Detective Voyles’ written report set forth the alleged incriminating statements made by Appellee during the July 4, 2013 interview and also referenced that the interview had been digitally recorded. The written report further provided that Ap-pellee’s recorded interview had been “placed on compact discs and submitted to the transcription unit and evidence for later use in trial.”
During the discovery process, Appellee sought production of the interview recording. When the State failed to produce the requested item, Appellee filed a motion to compel. After the State ultimately advised Appellee that it was unable to produce a recording of the interview because it had been lost or destroyed, Appellee filed a motion for sanctions.
*994 An evidentiary hearing on Appellee’s motion for sanctions was held on July 30, 2014. Sergeant Mankewich was the only witness to testify at the hearing, and his testimony was largely unchallenged.[2] According to Sergeant Mankewich, Detective Voyles had surreptitiously recorded the interview with Appellee through the use of a small digital recorder. Upon their return to the office, the recording was to be “downloaded” onto a computer. Sergeant Mankewich did not know if the computer had “crashed,” but for whatever reason, the recording of the interview could not be located. He further emphasized that he had “rechecked everything” and was still unsuccessful in his search for the missing recording. Sergeant Mankewich was unaware of any effort to intentionally lose or destroy this potential evidence. Finally, Sergeant Mankewich averred that he could testify as to the statements Appellee made during the interview and that those statements were accurately reflected in the written report.
The trial court found that the Sheriffs Office’s actions constituted gross negligence, which it equated to bad faith:
[T]he Court’s going to find that the duty of care required for a defendant’s admission is above and beyond the duty of care that one would ordinarily expect for other types of evidence; thus, losing this particular evidence rises to the level of gross negligence rather than just negligence. As far as the Court is concerned, that means that there is bad faith.
The court thereupon ruled that any evidence regarding the statements given by Appellee to law enforcement officers on July 4, 2013, would be excluded. This appeal followed.[3]
The issue in this case is whether the loss or destruction of the recording of Appellee’s interview constituted a violation of Appellee’s due process rights.[4] When determining whether a defendant’s due process rights have been violated by the State’s loss or destruction of evidence, the court must first consider whether the missing evidence was “materially exculpatory” or only “potentially useful.” State v. Bennett, 111 So.3d 943, 944 (Fla. 2d DCA 2013). “Materially exculpatory” evidence is evidence that might be expected to play a significant role in the suspect’s defense. California v. Trombetta, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). “Potentially useful” evidence, by contrast, is evidence that merely poses some likelihood of helping to exonerate a defendant. Arizona v. Youngblood, 488 U.S. 51, 57-58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). In the instant case, there was no contention by Appellee that the lost evidence was “materially exculpatory.” Indeed, in his answer brief, Appellee appropriately acknowledges that the recording of the interview was of a “potential exculpatory nature.”
The loss or destruction of evidence that is potentially useful to the defense violates due process only if the defendant can show bad faith on the part of law enforcement. Id. at 58, 109 S.Ct. 333. Under Youngblood, bad faith exists only when law enforcement personnel intentionally destroy evidence they believe would *995 exonerate a defendant. Guzman v. State, 868 So.2d 498, 509 (Fla.2003).
Here, the record is devoid of evidence supporting the trial court’s finding of bad faith. There is simply no evidence suggesting law enforcement personnel intentionally lost or destroyed the recording of Appellee’s July 4, 2013 interview.[5] Accordingly, it was error for the trial court to grant Appellee’s motion for sanctions. Our decision does not, of course, preclude Appellee from inquiring about the loss or destruction of the recording at trial.
REVERSED and REMANDED.
ORFINGER and COHEN, JJ., concur.

. The offenses were alleged to have occurred on December 23, 2012.

. Detective Voyles no longer worked at the Orange County Sheriff’s Office and was working for a law enforcement agency in a differ- ■ ent state.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).

. We reject Appellee’s invitation to analyze this case as one where the State has failed to meet its discovery obligations. See State v. Hampton, 113 So.3d 109 (Fla. 5th DCA 2013).

. The trial court's conclusion that gross negligence equates to bad faith is contrary to existing caselaw. Additionally, the evidence, at most, established negligence, not gross negligence, on the part of the Orange County Sheriff’s Office. Finally, no caselaw has been cited to us to support the trial court’s suggestion that a different standard applies where the lost or destroyed evidence is a recording of an interview rather than some other type of evidence.