The STATE of Ohio, Appellee,

v.

BENTON, Appellant.

[Cite as *State v. Benton* (2000), 136 Ohio App.3d 801.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–99–050.

Decided March 17, 2000.

*Mark E. Mulligan,* Prosecuting Attorney, and *Kelly Roberts,* Assistant Prosecuting Attorney, for appellee.

*Terrence R. Rudes* and *Michael R. Shanabruch,* for appellant.

PIETRYKOWSKI, Judge.

This case is before the court on appeal from the Ottawa County Municipal Court, which entered a judgment of conviction against appellant, Robert A. Benton. For the reasons that follow, we find that the decision of the Ottawa County Municipal Court must be reversed.

This case stems from a driving while under the influence ("DUI") charge filed against appellant on September 5, 1998. At issue in this appeal is the existence or nonexistence and the handling of the videotape of the stop. It is the policy of the Ohio State Patrol, who made the stop, to audio and video tape all traffic stops.[1] According to the policy, all tapes must be stored for a minimum of thirty days, after which an officer may erase the tape and use it again. However, before erasing and re-using a tape, the officer must ensure that all court proceedings are complete. At the time the tape is erased, the officer also is to complete a Certificate of Records Disposal, Form ADM 3504. The officer who stopped appellant, Trooper Joshua Swindell, testified at a hearing on pretrial

---

1. The videotape equipment in the patrol car is automatically activated once the emergency lights go on. The audiotape equipment is kept on the officer's belt and must be manually activated by the officer.

motions that it is normal practice in his office to rotate the tapes that have not been requested for court purposes: every tape is placed at the back of the rotation, and when it reaches the front, it is re-used. It appears from the record that Swindell's car was equipped with videotaping equipment on the day of the stop and that the equipment was not recorded as being out of order.

Swindell stopped appellant on September 5, 1998, and appellant was subsequently charged with DUI. Appellant initially pleaded not guilty to the charge. Knowing that it is the policy of the Ohio State Patrol to video tape stops, on or about September 9, 1998, appellant's counsel sought discovery from the Ottawa County Prosecutor of, among other things, the videotape of appellant's stop. For reasons not clear from the record, the tape was never produced. Sometime in April or May 1999, Swindell discovered that the tape, if one ever existed, was erased and re-used. Apparently, a Form ADM 3504 was never completed, and the state contends that the evidence is unclear as to whether a tape was ever made.

On April 30, 1999, appellant filed a motion to dismiss or for an order *in limine* seeking either dismissal of the case because of the state's failure to preserve the tape or an order *in limine* preventing the state from introducing any evidence that would have or could have been contained on the tape. Following a hearing, the trial court denied the motion. In doing so, the court assumed that a videotape existed and held that, since appellant had not shown that the tape contained exculpatory evidence or that the evidence on the tape was not obtainable by other means, he must show that the tape was destroyed in bad faith. The court found that the state did not act in bad faith. Additionally, the court distinguished *Columbus v. Forest* (1987), 36 Ohio App.3d 169, 522 N.E.2d 52, a case relied upon by appellant, stating that, unlike in *Forest,* appellant made no motion to preserve the evidence.

Following the court's ruling on his motion to dismiss or for an order *in limine,* and following an unfavorable ruling on a proposed jury instruction, appellant changed his plea to no contest and was found guilty by the court. Appellant now appeals from this judgment of conviction, raising the following two assignments of error:

"The state violated defendant's right to due process when it destroyed favorable evidence that was material to the issue of guilt.

"The state violated defendant's right to due process when it acted in bad faith in destroying evidence that was potentially useful to defendant."

 A procedural matter must be addressed before turning to the assignments of error. Appellant is appealing from the judgment of conviction. According to appellant's brief, the basis of his appeal is the trial court's denial of his

motion to dismiss or for an order *in limine*. To the extent that this appeal challenges the trial court's ruling on the motion *in limine*, that portion of the appeal is improper. A ruling on a motion *in limine* is a tentative ruling that may be changed before or during trial and as such is not appealable until after trial. *State v. Craft* (May 14, 1998), Athens App. No. 97 CA 53, unreported, 1998 WL 255442; *State v. Engle* (1996), 74 Ohio St.3d 525, 529, 660 N.E.2d 450 (Resnick, J., concurring). By entering a no contest plea before trial, appellant waived his right to appeal the trial court's ruling on his motion *in limine*. *Craft, supra; Engle*, 74 Ohio St.3d at 529, 660 N.E.2d at 453. Accordingly, we will treat this case as an appeal of the judgment of conviction based solely on the trial court's denial of the motion to dismiss, and we will review this ruling *de novo*. See *T. Carroll Ent., Inc. v. Hammitt* (Oct. 9, 1998), Lucas App. No. L–98–1113, unreported, 1998 WL 703637, discretionary appeal not allowed (1999), 85 Ohio St.3d 1405, 706 N.E.2d 788; *Smith v. Toledo Bd. of Edn.* (Apr. 28, 1995), Lucas App. No. L–94–162, unreported, 1995 WL 244177.

Turning to the first assignment of error, it is well established that the Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted of a crime where the state either fails to preserve materially exculpatory evidence, *California v. Trombetta* (1984), 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413, 422, or destroys in bad faith potentially useful evidence, *Arizona v. Youngblood* (1988), 488 U.S. 51, 58, 109 S.Ct. 333, 337–338, 102 L.Ed.2d 281, 289–290, Evidence is materially exculpatory where: (1) the evidence possesses an exculpatory value that was apparent before the evidence was destroyed, and (2) is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable means. *Trombetta*, 467 U.S. at 489, 104 S.Ct. at 2534, 81 L.Ed.2d at 422.

Proving that lost or destroyed evidence is materially exculpatory is a daunting burden, one that has generally been placed with the defendant. See, *e.g., State v. Leggett* (Sept. 4, 1998), Williams App. No. WM–97–029, unreported, 1998 WL 614553; *State v. Fort* (July 18, 1997), Lucas App. No. L–96–299, unreported, 1997 WL 416302; *Columbus v. Forest* (1987), 36 Ohio App.3d 169, 173, 522 N.E.2d 52. The Tenth District Ohio Court of Appeals, however, has shifted the burden away from the defendant in limited circumstances. See *Columbus v. Forest, supra.* According to the court in *Forest*, where a defendant moves to have evidence preserved and that evidence is nonetheless destroyed by the state in accordance with its normal procedures, the appropriate remedy is to shift the burden to the state to show that the evidence was not exculpatory. *Id.* at 173, 522 N.E.2d at 56–57. However, if the states fails to carry this burden, the defendant must still show that the evidence could not have been obtained by

other reasonable means. *Id.* We find this approach reasonable and we are persuaded by the court's reasoning.

 In this case, we note that the trial court assumed for purposes of ruling on the pretrial motions that the tape in question existed. Upon review of the record evidence, we cannot say that the trial court erred in basing its decision on this assumption. We also note that appellant specifically requested discovery of the tape, and the state did not in good faith respond to that request. Applying *Forest*, we therefore hold that the state has the burden of showing that the tape was not exculpatory. The state has not met this burden. Given the record in this case, it is equally possible that the tape would have been exculpatory as inculpatory. We also hold that the evidence is unique and not obtainable by other means. Because appellant testified that he disputes much of the testimony that the officer gave at the suppression hearing,[2] the tape would have provided the only possible objective evidence of the events as they happened on the night that appellant was stopped. Accordingly, we hold that appellant's due process rights were violated when the state destroyed the evidence that appellant specifically requested.

 We are mindful that in *Forest* the defendant filed a motion to preserve the evidence and in this case appellant made a discovery request. We do not find this distinction to be material. By asking the state to produce the evidence, appellant implicitly asked the state to preserve it until it was produced. Whether a defendant files a motion to preserve or a discovery request, he is in both cases putting the state on notice that he wishes to examine the evidence. Once the state has such knowledge, if it fails in good faith to preserve or produce the evidence, the appropriate remedy is to require the state to prove that the evidence that it destroyed was not exculpatory.

We are also mindful of the case law holding that a party does not have a constitutional right to discovery, even in criminal cases. See, *e.g., Midland Steel Prods. v. Internatl. Union* (1991), 61 Ohio St.3d 121, 131, 573 N.E.2d 98, 106, In this case, however, appellant is not arguing that his constitutional rights were violated because the state failed to engage in discovery; rather, he is arguing that the state violated his constitutional rights in destroying evidence that it knew appellant wanted preserved and produced. For all of the foregoing reasons, we find that appellant's first assignment of error is well taken, and it is unnecessary to address appellant's second assignment of error.

---

2. The ruling on the motion to suppress is not a subject of this appeal.

On consideration whereof, the court finds that substantial justice was not done the party complaining. The judgment of the Ottawa County Municipal Court is reversed and the conviction is vacated. Court costs assessed to appellee.

*Judgment reversed.*

KNEPPER, P.J., and MELVIN L. RESNICK, JJ., concur.