OPINION
{¶ 1} Appellant State of Ohio appeals the decision of the Fairfield County Municipal Court, which dismissed charges of driving under the influence and speeding filed against Appellee Lisa Canter. The relevant facts leading to this appeal are as follows.
{¶ 2} On May 10, 2001, Ohio State Highway Patrol Troopers Donald Kelley and James Lott effectuated a traffic stop of a vehicle being driven by appellee. Trooper Kelley approached the vehicle, and requested to see appellee's driver's license, registration, and insurance information. Based on his observations and conversation with appellee, Trooper Kelley decided to perform an HGN test, and opined that appellee had exhibited all six clues of alcohol impairment. Trooper Kelley thereupon had appellee perform a walk and turn test and a one-leg standing test for sobriety. The trooper at that point advised appellee she was under arrest for driving under the influence of alcohol (R.C.4511.19) and speeding (R.C. 4511.21). Appellee was subsequently charged accordingly.
{¶ 3} On June 15, 2001, appellee filed a motion to dismiss and a motion to suppress evidence. Appellee therein argued that the trooper lacked reasonable suspicion to effectuate a traffic stop, that the trooper did not have probable cause to make a warrantless arrest, and that statements were given without Miranda warnings. The court set the matter for an oral hearing on October 1, 2001. At the hearing, Trooper Kelley indicated that although portions of the traffic stop incident had been videotaped, the tape itself had been inadvertently erased while in the hands of the Highway Patrol. On October 18, 2001, appellee filed a "supplemental motion to suppress and alternative motion to dismiss," based on the trooper's failure to preserve the videotape. The trial court issued a judgment entry on October 19, 2001, ruling that appellee's due process rights had been violated by the state's destruction of materially exculpatory evidence, i.e., the videotape. The court thus dismissed the charges against appellee.
{¶ 4} The state filed a notice of appeal on October 26, 2001, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY SUPPRESSING ALL OF THE EVIDENCE AND DISMISSING THE CASE."
 I
{¶ 6} In its sole Assignment of Error, the state contends that the trial court committed reversible error by dismissing the charges against appellee on due process grounds. We agree.
{¶ 7} In Arizona v. Youngblood (1988), 488 U.S. 51,109 S.Ct. 333, 102 L.Ed.2d 281, the United States Supreme Court addressed the issue of whether a criminal defendant is denied due process of law by the State's failure to preserve evidence. The United States Supreme Court stated:
 {¶ 8} The Due Process Clause of the Fourteenth Amendment, as interpreted in [Maryland v. Brady
(1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215], makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant. * * * We think that requiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant. We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.
Id. at 57-58.
{¶ 9} The trial court sub judice significantly relied on City ofColumbus v. Forest (1987), 36 Ohio App.3d 169, 522 N.E.2d 52, which held that where the state breaches its duty to respond in good faith to a defense request to preserve evidence, the appropriate remedy is to shift to the state the burden of proof as to the exculpatory value of the evidence. Id. at 173. Quoting from State v. Benton (2000),136 Ohio App.3d 801, the trial court further held:
 {¶ 10} "However; if the states (sic) fails to carry this burden, the defendant must still show that the evidence could not have been obtained by other reasonable means. Id. We find this approach reasonable and we are persuaded by the court's reasoning." State v. Robert A. Benson, (sic) 6th District Court of Appeals of Ohio, Ottawa County (March 17, 2001) at p. 8, 9.
 {¶ 11} Based upon the testimony in this case, the Court can not conclude whether the destroyed tape would have been exculpatory or inculpatory. The Court finds that the destroyed evidence (tape) could not be obtained by other reasonable means and was unique because the tape provided the only possible objective evidence of the events as they happened on the afternoon of May 10, 2001.
Judgment Entry at 2.
{¶ 12} Our research reveals no instances of this Court's adoption of the burden-shifting rule espoused in Forest. Instead, we have consistently held that the burden of proof is on the defendant to show the exculpatory nature of the destroyed evidence. See State v.Birkhold, (April 22, 2002), Licking App. No. 01CA104, 2002 WL 727154;State v. Hill (March 8, 1999), Stark App. No. 1998CA00083, 1999WL 174921; State v. Blackshear (June 19, 1989), Stark App. No. CA-7638, 1989 WL 66650. Moreover, the Tenth District has subsequently limited the holding of Forest and emphasized the prerequisite of a demonstration of bad faith on the part of prosecutors and/or law enforcement officials: "The burden-shifting remedy of Forest has limited application, and was applied in Forest where the state failed to respond in good faith to a defendant's request to preserve evidence. The record herein contains nothing suggesting defendant requested the state to preserve the slides at issue. In the final analysis, absent the showing of bad faith, the state's failure to preserve the slides at issue is not a denial of due process of law." State v. Groce (1991), 72 Ohio App.3d 399, 402,594 N.E.2d 997.
{¶ 13} The term "bad faith" generally implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." Hoskins v. AetnaLife Ins. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (citation omitted). At the hearing on the motion to dismiss and motion to suppress evidence, Trooper Kelley explained the erased tape as follows:
 {¶ 14} In, uh, the course of my reviewing the tape and looking over that night and the coach looking over it, because we do that during the coach/pupil period, we do a constant critique and he'll look over the tape and tell me what, if I should do anything different or should I enhance this or not say that or, uh, be more, uh, presentable, be more professional, any, any little thing that we both scrutinize over on both tapes. I viewed it. He views it, even a lieutenant or a sergeant views it and somehow during that course the tape didn't get forward to the end of the stop and the next day's traffic stops were taped over on it.
Tr. at 14.
{¶ 15} Trooper Lott, who was functioning as "coach" for Trooper Kelley on the date of the traffic stop, testified that normal procedure is for each trooper to hold every videotape for thirty days, and then erase it unless needed. Tr. at 51. He further testified: "The only thing I can tell you is * * * Trooper Kelley is a very honest person. If he tells you he accidentally erased that video, that's what he did." Tr. at 57. The record is unclear as to whether Trooper Kelley reviewed the video immediately after the traffic stop or the next day. However, it appears that the erasure took place either on May 10, 2001, or May 11, 2001, several weeks before appellee's motion to preserve evidence and discovery request of June 7, 2001.
{¶ 16} Upon full review of the record, we are unpersuaded that this case falls under a category of bad-faith destruction of evidence "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." Youngblood, supra. We therefore hold that the trial court erred in dismissing the charges against appellee on the basis that the erasure of the traffic stop tape violated due process.
{¶ 17} The state's sole Assignment of Error is sustained.
{¶ 18} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is reversed, and remanded for further proceedings consistent with this opinion.
By: WISE, J. HOFFMAN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee.