DECISION AND JUDGMENT ENTRY
The state appeals the granting of Lance Gilliland's motion to suppress the "result[s] of the field sobriety tests and all testimony relative to the field sobriety tests." The Athens County Municipal Court, granted the motion because the officer failed to record the tests with the in-car video camera. The state argues that the court's apparent reliance onState v. Benton (2000), 136 Ohio App.3d 801, 737 N.E.2d 1046 (stating that the failure to produce a videotape results in a denial of due process), is misplaced. Instead, the state contends that our recent decision in State v. Wooten, Athens App. No. 01CA31, 2002- Ohio-1466 (holding that there is no due process right that requires the police to use a specific investigative tool), applies. Because the failure to make a videotape is not fatal to the state's case, we reverse.
The hearing on the motion to suppress revealed the following facts. In September 2001, Lieutenant Jeffrey McCall arrested Gilliland and charged him with operating a motor vehicle while under the influence of alcohol (OMVI) and failure to stop at a red light. At the time of the stop, McCall's police cruiser was equipped with a microphone and an in-car video camera, which McCall could have used to record Gilliland's performance on the field sobriety tests. McCall contended that the microphone was defective so audio recording was impossible. Moreover, McCall testified that he chose not to conduct the field sobriety tests in view of the video camera because the ground in that area was not level enough to properly conduct the procedures. McCall acknowledged that he could have moved the video camera so that it would have recorded the tests. He justified not recording the tests because it would have meant turning his back on Gilliland in order to readjust the camera or moving his police cruiser into a better position. McCall stated that he was uncomfortable doing that because he had no prior contact with Gilliland and did not know what would happen if he turned his back. Therefore, McCall conducted the field sobriety tests outside of the view of the video camera.
The trial court, after referring to State v. Benton (2000),136 Ohio App.3d 801, 737 N.E.2d 1046, and noting the lack of a videotape, granted Gilliland's motion. The state appealed and assigned the following error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS ON AUTHORITY OF STATE V. BENTON (2000), 136 OHIO APP.3d 801.
Recently, we addressed a similar assignment of error in State v.Wooten, Athens App. No. 01CA31, 2002-Ohio-1466. In both our cases the arresting officers failed to conduct the field sobriety tests within the video camera's view. In Wooten we distinguished Benton because there, the arresting officer actually made a videotape but the state did not produce it in discovery. The Benton court held that the state's failure to produce the videotape shifted the burden to the state to show that the videotape did not contain exculpatory evidence. When the state failed to meet that burden, the court held the failure to produce the videotape resulted in a denial of the defendant's due process rights. In Wooten we noted the difference between failing to create evidence and destroying it when we stated, "no constitutional violation arises merely from a law enforcement officer's failure to employ a particular investigative tool." In Wooten we also cited Arizona v. Youngblood (1988), 488 U.S. 51, 59,109 S.Ct. 333, 102 L.Ed.2d 281, for the proposition that the due process clause is not violated when the police fail to use a particular investigative tool. Moreover, as we noted in State v. Mosley, Scioto App. No. 00CA2739, 2001-Ohio-2524, sloppy police work does not normally benefit the state; nor does it violate a defendant's due process rights.
In this matter the court recognized that the state did not destroy or fail to produce what once existed. Thus, it also distinguished Benton. But it concluded that the absence of the videotape made it impossible to determine if the officer administered the field sobriety tests in strict compliance with standardized testing procedures as required by State v.Homan, 89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952, paragraph one of the syllabus. The trial court did not find a due process violation; rather it concluded that the state failed to satisfy Homan as a matter of law. We reject that legal conclusion because there is no constitutional, statutory or common law duty to use a specific investigative tool in satisfying Homan's strict compliance mandate. SeeWooten, supra. As we suggested in Wooten, the court may consider the officer's failure to use the recording equipment in assessing his credibility and the weight to give the rest of his testimony. However, failure to use the recording equipment does not create a per se violation of Homan or due process.
Because the trial court erred in granting the motion to suppress, we reverse and remand for further proceedings on that motion.
JUDGMENT REVERSED AND CAUSE REMANDED.JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.