"It is the policy of the Ohio State Patrol, who made the stop, to audio and video tape all traffic stops. According to the policy, all tapes must be stored for a minimum of thirty days, after which an officer may erase the tape and use it again. However, before erasing and re-using a tape, the officer must ensure that all court proceedings are complete. At the time the tape is erased, the officer also is to complete a Certificate of Records Disposal, Form ADM 3504."[4] It is significantly troubling when an officer of the law disposes of any potentially material evidence during the pendency of court proceedings of which the officer is fully aware. If there had been evidence within the record of this case that an officer erased or reused the tape with knowledge that court proceedings were not complete, and that the Certificate of Records Disposal Form had not been completed, then it would have been a simple task for the Appellant to have demonstrated that the state failed to respond to his discovery request in good faith, which would have shifted the burden to the state to demonstrate that the audio tape was not exculpatory. While the trial court properly shifted this burden as to the videotape that had been destroyed, it did not do so as to the audiotape that was erased. But, because the record in this case is insufficient to establish those facts, I am compelled to concur in the judgment herein.
[4] State v. Benton (2000), 136 Ohio App.3d 801, 803.