JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant the State of Ohio ("State") appeals from the Cuyahoga County Common Pleas Court's judgment dismissing the case against defendant-appellee Damon Seals ("Seals"). For the reasons set forth below, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
 {¶ 2} On January 29, 2002, Seals was indicted by the Cuyahoga County Grand Jury for one count of robbery in violation of R.C. 2911.02, to which he pleaded not guilty on February 12, 2002. After numerous pretrials and continuances, trial was set for June 3, 2002. However, prior to the commencement of trial, on June 3, 2002, Seals filed a motion to dismiss for failure by the State to provide a videotape of the crime, which was identified through discovery requests. The videotape purportedly showed Seals robbing a BP gas station. The transcript reveals that Seals argued that the videotape was potentially exculpatory evidence because it would affirmatively demonstrate that he was not the robber. Defense counsel did not accuse the State of withholding evidence, rather asserted that the videotape was likely lost at the police station. The State informed the trial court that the detective custodian of this evidence at the Cleveland Heights Police Department had died, and that the police where trying to locate evidence, including the videotape. The prosecutor stated that police officers who viewed the tape informed him that the tape was inculpatory rather than exculpatory.
 {¶ 3} The prosecutor informed the trial court that other evidence placed Seals at the scene of the crime, including two eye-witnesses, a witness who loaned Seals the car used at the scene, Seals' fingerprints at the scene and a photo identification line-up. Defense counsel argued that even if the videotape placed Seals at the scene, it would prove that he did not use force as alleged in the indictment.
 {¶ 4} On July 23, 2002, the trial court granted Seals' motion to dismiss, as follows:
 {¶ 5} "The Court: The Court is going to grant the defense's motion to dismiss and make the finding based upon the State failing to preserve materially exculpatory evidence. There was a videotape of the robbery at the location in question and it was taken as evidence by the Cleveland Heights Police Department, who are unable to locate it. Mr. Seals' defense rests solely upon the fact it was not him that committed the offense. It would be born out, allegedly born out if the tape was located and those representations were made by the defendant.
 {¶ 6} "[Prosecutor]: The State would request a continuance on the record.
 {¶ 7} "The Court: Okay.
 {¶ 8} "[Defense counsel]: Thank you, your Honor."
 {¶ 9} The State of Ohio submits a single assignment of error for our review, as follows:
 {¶ 10} I. "The trial court abused its discretion in granting appellee/defendant's motion to dismiss indictment by failing to hold a necessary hearing and failing to consider testimony of any nature relative to lost or misplaced videotape evidence."
 {¶ 11} The State contends that, without hearing other testimony or evidence at the hearing, the trial court was unable to discern the inculpatory or exculpatory nature of the lost videotape and whether other inculpatory evidence existed. Therefore, the State avers, the trial court's dismissal was improper. We agree with the State.
 {¶ 12} We note initially that the State mistakenly relies on Bradyv. Maryland (1963), 373 U.S. 83 and its progeny for support that the videotape was not materially exculpatory. Generally, "[s]uppression by the prosecution of evidence favorable to an accused who has requested it violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, supra, at 86. The United States Supreme Court held that evidence is "material" within the meaning of Brady only if there exists a "reasonable probability" that the result of the trial would have been different had the evidence been disclosed to the defendant. Kylesv. Whitley (1995), 514 U.S. 419, 433-434. However, Brady is applicable only to the discovery after trial of information that was known to the prosecution and unknown to the defense. State v. LaMar (2001),95 Ohio St.3d 181, citing United States v. Gonzales (C.A. 8, 1996),90 F.3d 363; United States v. Soto-Alvarez (C.A. 1, 1992), 958 F.2d 473,477; see, also, State v. Green (2000), 90 Ohio St.3d 352. In this case, the matter was dismissed prior to trial, therefore Brady and its progeny are inapplicable.
 {¶ 13} The Fourteenth Amendment to the United States Constitution ensures that a defendant has access to evidence. The State's failure to preserve materially exculpatory evidence violates a defendant's due process rights. However, it is important to note that the United States Supreme Court has drawn a distinction between "materially exculpatory" and "potentially useful" evidence in the context of the State's suppression of or failure to preserve evidence. Arizona v. Youngblood
(1988), 488 U.S. 51, 58. With regard to the State's good or bad faith regarding evidence that may be favorable to the defendant, a criminal defendant is denied due process when the State fails to preserve materially exculpatory evidence or destroys potentially useful evidence in bad faith. California v. Trombetta (1984), 467 U.S. 479, 489; Arizonav. Youngblood (1988), 488 U.S. 51, 58; State v. Benton (2000),136 Ohio App.3d 801. Therefore, if the videotape is "materially exculpatory," rather than "potentially useful," the good or bad faith of the State in failing to preserve the evidence is irrelevant. If the videotape is merely "potentially useful," however, it would be necessary to demonstrate bad faith on the part of the State in failing to preserve the evidence.
 {¶ 14} The United States Supreme Court has stated, with regard to materiality of evidence, that "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Trombetta, supra; State v. Benton, supra. If evidence is determined to be "potentially useful" rather than "materially exculpatory, a different test applies. That is, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, supra at 58; State v.Treesh, 90 Ohio St.3d 460, 2001-Ohio-4.
 {¶ 15} In this case, we agree with the State that an evidentiary hearing was necessary to determine the exculpatory value of the videotape. The trial court's finding regarding the videotape's exculpatory or inculpatory nature was premature, absent a hearing on the record in which both parties would have been entitled to present evidence in support of or against the proposition that the videotape was materially exculpatory. We therefore sustain the State's sole assignment of error and remand the matter for an evidentiary hearing on the record.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., concurs.
TIMOTHY E. McMONAGLE, J., concurs in judgment only.