OPINION
{¶ 1} Raymond Hill appeals from the judgment of the Chardon Municipal Court, which denied his motion to dismiss or in the alternative suppress. We affirm.
 {¶ 2} On the evening of May 16, 2004, Hill was driving east on State Route 166 in his 1968 Firebird. Sergeant Hulewat of the Ohio State Highway Patrol was traveling west on State Route 166 and clocked Hill's speed at 72 m.p.h., (the speed limit was 55 m.p.h.) Hulewat activated his pursuit lights, turned around, and stopped Hill, who pulled into a private driveway on the south side of Route 166.
 {¶ 3} Hulewat and Hill exited their cars. Hulewat asked Hill for his driver's license and registration. As he talked to Hill, Hulewat noticed an odor of alcoholic beverage on Hill. Hulewat asked Hill to perform the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand. Hill also submitted to a portable breath test. Based on the results of these tests, Hulewat arrested Hill for driving under the influence of alcohol. R.C. 4511.19.
 {¶ 4} Hill filed a request for discovery on May 24, 2004. Hill's counsel learned from the Impaired Driver Report that a video recording device was used during the stop and requested an opportunity to review the tape pursuant to the request for discovery. On June 15, 2004, Hill's counsel delivered a blank videotape to the highway patrol post so the tape could be copied. On that same day, Hill's counsel received a telephone message stating the stop had not been recorded. Hill's counsel requested and received written confirmation to this effect.
 {¶ 5} Hill filed a motion to dismiss or in the alternative, suppress, based on the state's alleged failure to preserve the videotape. The trial court heard the motion and subsequently entered an order denying it. Hill then entered a plea of no contest and was found guilty. Hill filed a timely appeal of the trial court's judgment raising two assignments of error:
 {¶ 6} "[1.] The trial court erred in overruling defendant-appellant's [m]otion to [d]ismiss because the [s]tate failed to preserve materially exculpatory evidence.
 {¶ 7} "[2.] The trial court erred to the prejudice of defendant-appellant in overruling defendant-appellant's [m]otion to [s]upress [e]vidence."
 {¶ 8} The Due Process Clause of the Fourteenth Amendment protects a criminal defendant from conviction for a crime where the state fails to preserve materially exculpatory evidence, or destroys in bad faith useful evidence. State v. Benton (2000), 136 Ohio App.3d 801, 805, citingCalifornia v. Trombetta (1984), 467 U.S. 479, 489, Arizona v. Youngblood
(1988), 488 U.S. 51, 58, rehearing denied (1989), 488 U.S. 1051. "Evidence is materially exculpatory where: (1) the evidence possesses an exculpatory value that was apparent before the evidence was destroyed, and (2) is of such nature that the defendant would be unable to obtain comparable evidence by other reasonable means." Id. citing Trombetta,467 U.S. at 489.
 {¶ 9} In the instant case, Hill, relying on Benton, argues the trial court should have dismissed the charges against him because the state failed to preserve the video tape of his traffic stop. We disagree.
 {¶ 10} The defendant generally has the burden to show the lost or destroyed evidence is materially exculpatory. Id. However, some courts have shifted the burden to the state, and required the state to show the evidence was not materially exculpatory where a defendant moves to have evidence preserved and the evidence is destroyed in accordance with normal procedures. Id., citing Columbus v. Forest (1987),36 Ohio App.3d 169, 173.
 {¶ 11} In Benton, the defendant sought discovery of a videotape of this traffic stop. Id. at 804. The state did not produce the tape and it was eventually discovered the tape, if one ever existed, was erased and reused in accordance with normal police procedures. Id. The defendant filed a motion to dismiss, which the trial court denied.
 {¶ 12} On appeal, the court shifted the burden to the state to show the videotape was not materially exculpatory. The court of appeals held the state failed to meet this burden and reversed the trial court's judgment.
 {¶ 13} The instant case is distinguishable from Benton in that here, the traffic stop was never recorded. Hulewat testified he activated his lights as he turned around to stop Hill. Hulewat testified the video recorder automatically activated when he turned on the lights. Hulewat confirmed the recorder was activated by looking at the monitor in his patrol car. Hulewat also activated the audio recording feature by depressing a button on his belt when he exited his car. Finally, Hulewat testified that prior to beginning his shift, he had verified the recorder worked by doing these same things, i.e., activating his overhead lights and depressing the button on his belt. He observed the recorder was functioning properly by looking at the monitor in his patrol car.
 {¶ 14} In spite of this, the evidence established the recorder failed to record Hulewat's stop of Hill. The state presented evidence in the form of a letter from the assistant post commander, who stated, "After reviewing the video, there was either a malfunction with the recorder or the tape[,] and the stop was not recorded."
 {¶ 15} Hill concedes, "he does not believe the police or prosecution acted in bad faith in failing to preserve or produce the videotape."
 {¶ 16} In the instant case, the state did not fail to preserve materially exculpatory evidence; it failed to make the evidence because the recording equipment malfunctioned.
 {¶ 17} We agree with the reasoning of the Ninth District Court of Appeals, which stated in a similar case:
 {¶ 18} "The case at bar differs from Benton. In the case sub judice, the state (1) did not destroy evidence; (2) did not fail to preserve evidence that had been collected; and (3) did not fail to respond to a discovery request. Instead, appellee's argument appears to be that the state failed to collect evidence that could have been collected in the manner he wanted the evidence collected." State v. Wooten, 9th Dist. No. 01CA31, 2002-Ohio-1466, 7.
 {¶ 19} The Due Process Clause does not require the state to use a particular technique to gather evidence, Id. at 7-8, citing Youngblood,
supra at 59, it only requires the state to disclose to defendants favorable evidence material to guilt or punishment. Id., citingTrombetta, supra at 480. The state is not required to ensure DUI traffic stops and sobriety tests are recorded. Id. at 9.
 {¶ 20} Here, the evidence demonstrates a mechanical failure of the video equipment caused the failure to record the stop. Because the state did not act to destroy or fail to preserve evidence, (one cannot destroy or fail to preserve that which never existed), the trial court properly denied Hill's motion to dismiss.
 {¶ 21} Appellant's first assignment of error is without merit.
 {¶ 22} In his second assignment of error, Hill contends the trial court erred in denying his motion to suppress. Hill frames the issue thus: "A defendant-appellant is arrested without probable cause where the field sobriety tests are unreliable and the totality of the circumstances do not support probable cause to arrest the defendant-appellant for driving under the influence of alcohol."
 {¶ 23} When we consider an appeal of a ruling on a motion to suppress we review the trial court's findings of fact only for clear error and give due weight to inferences the trial judge drew from the facts. We must accept the trial court's factual determinations when they are supported by competent and credible evidence. We determine only whether the findings of fact were against the manifest weight of the evidence.State v. Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118, ¶ 12-13. We review the trial court's application of the law to those facts de novo and independently determine whether the facts meet the appropriate legal standard. Id.
 {¶ 24} Hill first argues the results of the field sobriety tests were unreliable because of the way they were conducted. Specifically, Hill contends the walk-and-turn test and the one-leg-stand were not reliable because he performed them on a gravel surface while barefoot. Hill also contends Hulewat violated policy by failing to have Hill perform the tests in view of the video camera when it was practical to do so. Finally, Hill contends the results of the HGN test were unreliable because it was administered with Hill facing the sun and while he was standing between the two cars. Hill contends performing the test in this manner violated Ohio State Highway Patrol policy. Hill's arguments are unpersuasive.
 {¶ 25} While Hulewat testified Hill was barefoot while performing the field sobriety tests, he also testified he had Hill perform the tests on a paved driveway and he did not observe any gravel on the surface that would have interfered with Hill's performance of the tests. There is no evidence Hill complained of difficulty performing the tests due to gravel contemporaneous with his performance of the tests (Hill testified at the suppression hearing.)
 {¶ 26} With respect to the HGN test, Hulewat testified he had Hill perform this test while seated in Hulewat's patrol car.
 {¶ 27} Hill does not contend the field sobriety tests were not performed in compliance with National Highway Traffic Safety Administration standards, but only internal Ohio Highway Patrol policies.
 {¶ 28} While there were conflicts between Hill and Hulewat's testimony, we conclude the trial court's findings of fact were supported by competent, credible evidence, and were not against the manifest weight of the evidence. The trial court properly applied the law to those facts and found there was probable cause to support the arrest.
 {¶ 29} Appellant's second assignment of error is without merit.
 {¶ 30} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Chardon Municipal Court is affirmed.
Ford, P.J., Grendell, J., concur.