[Cite as *State v. English*, 2014-Ohio-2836.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                    Court of Appeals No.  H-13-024

    Appellee                                 Trial Court No. 13CRB01139

v.

Thomas G. English                         **DECISION AND JUDGMENT**

    Appellant                              Decided:   June 27, 2014

* * * * *

G. Stuart O'Hara, Jr., Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

Thomas G. English, pro se.

* * * * *

**JENSEN, J.**

{¶ 1} Following a bench trial, defendant-appellant, Thomas G. English, pro se,

timely appeals the August 20, 2013 judgment of the Norwalk Municipal Court finding

him guilty of disorderly conduct, a violation of R.C. 2917.11(B)(2). For the reasons that follow, we affirm the trial court's judgment.

## I. Factual Background

{¶ 2} On July 22, 2013, at approximately 1:30 a.m., English was leaving an adult entertainment establishment located on U.S. Route 250 in Huron County, Ohio. Deputy Shannon Lyons, of the Huron County Sheriff's Department, observed English walking across Route 250 stumbling towards a ditch next to the highway. She activated her lights, stopped her patrol car, and requested that English come towards her. During her encounter with English, Deputy Lyons detected the smell of alcohol and observed that he had glassy eyes and slurred speech. She asked English if anyone could pick him up. Upon concluding that no one could, Deputy Lyons placed English under arrest for disorderly conduct while intoxicated.

{¶ 3} During a hearing conducted on August 6, 2013, English informed the trial court that on August 1, 2013, he requested that the state produce video surveillance from the Huron County jail, depicting English's conduct near the time of his arrest. The state acknowledged that the video cameras at the jail may contain footage of English and indicated that it had requested the recording from the facility. English sought a continuance to allow for the state to provide him with the surveillance footage. The state estimated that it could produce the recordings within two weeks and the court reset the trial for August 20, 2013.

2.

**{¶ 4}** When he appeared for the August 20, 2013 trial, English moved the court to dismiss the case, explaining that the state never provided the recording from the Huron County jail, which English believed would demonstrate that he was walking without staggering or stumbling. The state indicated that only one employee at the facility was capable of recovering the footage, and that employee was out of the office at the time the video was requested. It explained that the sheriff's office re-records over the booking room video after thirty days and that despite requesting the video footage, it had since been recorded over and was no longer available.

**{¶ 5}** The court determined that the trial would proceed and that it would take the issue of the destruction of the video under advisement. During trial, Deputy Lyons testified for the state. English offered the testimony of Deputy Keith Roswell, the booking officer who worked during the early morning hours of July 22, 2013. Deputy Roswell testified that he smelled alcohol on English's breath and that English admitted that he had been drinking alcohol. He conceded, however, that English exhibited no other signs of intoxication, including stumbling.

**{¶ 6}** The trial court ultimately found English guilty of disorderly conduct and imposed a fine of $75.00 plus costs of $104.05. English now appeals and assigns the following error for our review:

> The trial court erred in overruling appellant's motion to dismiss. Appellant's due-process rights were violated by the state's failure to preserve materially exculpatory evidence * * *[.]

3.

II. Law and Analysis

{¶ 7} In this case, the court did not issue a specific order denying English's motion to dismiss, nevertheless, it can be inferred from the trial court's judgment of conviction that English's motion was, in fact, denied. *See State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998) ("When a trial court fails to rule on a pretrial motion [and proceeds to judgment in the case], it may ordinarily be presumed that the court overruled it * * *."). In reviewing a trial court's decision on a motion to dismiss on the basis that the state failed to produce materially exculpatory evidence, we conduct a *de novo* review. *State v. Benton*, 136 Ohio App.3d 801, 805, 737 N.E.2d 1046 (6th Dist.2000).

{¶ 8} English contends that the video footage from the Huron County jail would have supported his defense to the charge of disorderly conduct while intoxicated by demonstrating that when he was being booked, he was not stumbling. He claims that his due-process rights under the Fourteenth Amendment to the United States Constitution were violated when the state failed to preserve the recording which he characterizes as "materially exculpatory evidence."

{¶ 9} In general, "the Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted of a crime where the state either fails to preserve materially exculpatory evidence or destroys in bad faith potentially useful evidence." (Internal citations omitted.) *Benton* at 805. The Supreme Court of Ohio has concluded that evidence is materially exculpatory "only if

4.

there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Jackson*, 57 Ohio St.3d 29, 33, 565 N.E.2d 549 (1991), quoting *State v. Johnston*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), paragraph five of syllabus. A "'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id*. We have described evidence as "materially exculpatory" where: "(1) the evidence possesses an exculpatory value that was apparent before the evidence was destroyed, and (2) is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable means." *Benton* at 805.

{¶ 10} Where a defendant moves to have evidence preserved and the state nonetheless destroys the evidence in accordance with its normal procedures, the burden shifts to the state to show that the evidence was not exculpatory. *Id*. However, "[i]f the state fails to carry this burden, the defendant must still show that the evidence could not have been obtained by other reasonable means." *Id*. at 805-06.

{¶ 11} The state argues that the video footage was not materially exculpatory because English was arrested, charged, and convicted based upon conduct occurring an hour before the recording, not upon his conduct while at the correctional facility. It maintains that even if the evidence was potentially useful, its failure to preserve the recording was not in bad faith. Under the circumstances, the state claims, the proper remedy was to prohibit it from producing any evidence of what may have been contained in the recording. It contends that it never sought to admit such evidence. It also points

5.

out that English was able to present the evidence that he claims was depicted in the video through Deputy Roswell's testimony, thereby avoiding any potential prejudice to English.

{¶ 12} We agree with the state that the evidence at issue was not "materially exculpatory." Although the evidence may have been minimally useful, its evidentiary value was limited in that English was arrested based on Deputy Lyons' observations of him after stopping him on U.S. Route 250 – the recording depicts conduct that occurred at the booking office an hour after English was arrested. During this time the alcohol in his system was presumably dissipating. While the state was clearly under a duty to preserve the evidence requested by English, the destruction of the evidence was accomplished not through bad faith, but through poor judgment or negligence. It was the standard practice to re-record every thirty days and the absence of the employee responsible for recovering the video failed to halt that process. In addition, Deputy Roswell's testimony established what English sought to demonstrate through the video footage: that English was not stumbling or staggering while at the jail. The state did not attempt to introduce any evidence to dispute that fact.

{¶ 13} Given these facts, we find no error in the trial court's denial of English's motion to dismiss. Given the limited probative value of the evidence and English's ability to introduce the evidence through other means, we are not convinced that the result of the proceeding would have been different had the video footage been available. We, therefore, find English's assignment of error not well-taken.

6.

### III.  Conclusion

**{¶ 14}** We find English's assignment of error not well-taken and affirm the August 20, 2013 judgment of the Norwalk Municipal Court.  The costs of this appeal are assessed to English pursuant to App. R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____
                                                           JUDGE

Stephen A. Yarbrough, P.J.

James D. Jensen, J.                            _____
CONCUR.                                                    JUDGE

                                               _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.