[Cite as *Toledo v. Zapata*, 2015-Ohio-3946.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo/State of Ohio                    Court of Appeals No. L-14-1181

    Appellant                              Trial Court No. TRC-14-00244

v.

Emiliano Zapata                                **DECISION AND JUDGMENT**

    Appellee                               Decided:  September 25, 2015

* * * * *

David Toska, City of Toledo Chief Prosecutor, Henry Schaefer
and Arturo M. Quintero, Assistant Prosecutors, for appellant.

Spiros P. Cocoves, for appellee.

* * * * *

**JENSEN, J.**

{¶ 1} The city of Toledo appeals the judgment of the Toledo Municipal Court

granting a motion to dismiss filed by defendant-appellee Emiliano Zapata.  For the

reasons that follow, we reverse the decision of the Toledo Municipal Court.

**{¶ 2}** On January 4, 2014, Zapata was ticketed for driving while under the influence in violation of Toledo Municipal Code 333.01(a)(1), and driving left of center in violation of Toledo Municipal Code 331.05. After entering pleas of not guilty, Zapata filed a demand for discovery. Several months later, the city informed Zapata that it could not locate the dash-camera video of the traffic stop. Citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Zapata moved to dismiss the complaint arguing his due process rights were violated when the city failed to preserve "objective, incontrovertible, exculpatory evidence" after he filed a timely request for discovery.

**{¶ 3}** At a hearing on the motion, police officer Carl Schwirzinski testified that he instigated a traffic stop after he observed Zapata's vehicle cross the center line a couple of times. Typically, when an officer activates his patrol car's pursuit lights, the dash-camera is automatically activated. In Schwirzinski's opinion, it was likely a video recording of the Zapata stop was created but such recording was not preserved because the officer mistakenly failed to "flag" the video as evidence.

**{¶ 4}** Granting Zapata's motion to dismiss, the trial court found that a video existed but that the video was erased because the officer failed to "tag" the video as evidence. Noting that the officer's action was a mistake and not "in any way a bad faith scenario," the court indicated that "the video would potentially contain exculpable evidence and evidence that is materially exculpable that is not of a nature that could be obtained by any other means."

2.

{¶ 5} In a single assignment of error, the city contends that the trial court's judgment granting the motion to dismiss was contrary to law. We agree.

{¶ 6} A criminal defendant's due process right to a fair trial is violated when the prosecution withholds materially exculpatory evidence. *Brady* at 87. Evidence is materially exculpatory "'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.'" *State v. Johnston*, 39 Ohio St.3d 48, 61, 529 N.E.2d 898 (1988), quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

{¶ 7} Ordinarily, a defendant bears the burden to prove that withheld evidence is materially exculpatory. *State v. Rivas*, 121 Ohio St.3d 469, 2009-Ohio-1354, 905 N.E.2d 618, ¶ 14. However, "where a defendant moves to have evidence preserved and that evidence is nonetheless destroyed by the state in accordance with its normal procedures, the appropriate remedy is to shift the burden to the state to show that the evidence was not exculpatory." *State v. Benton*, 136 Ohio App.3d 801, 805, 737 N.E.2d 1046 (6th Dist.2000), citing *Columbus v. Forest*, 36 Ohio App.3d 169, 173, 522 N.E.2d 52 (10th Dist.1987). "[I]f the state fails to carry this burden, the defendant must still show that the evidence could not have been obtained by other reasonable means." *Id.* at 806.

{¶ 8} Here, Officer Schwirzinski testified that he parked his patrol car at an angle behind Zapata. The officer never viewed the video, but in his opinion, if the video had

3.

been properly preserved, it would not have shown his interactions with Zapata because the camera only records what is directly in front of the windshield.

{¶ 9} In light of the officer's testimony, we find that trial court erred when it concluded that the video could have "potentially" contained materially exculpable evidence. "'The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.'" *State v. Jackson*, 57 Ohio St.3d 29, 33, 565 N.E.2d 549 (1991), quoting *United States v. Agurs*, 427 U.S. 97, 109, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

{¶ 10} Further, we find that the defendant failed to show that the evidence could not have been obtained by other reasonable means. According to Officer Schwirzinski, a passenger was in the front seat of Zapata's vehicle during the traffic stop. Thus, Zapata's passenger could have testified as to his observations during, and in the moments leading up to, the traffic stop.

{¶ 11} For the foregoing reasons, we find that the trial court erred when it granted Zapata's motion to dismiss. The city's sole assignment of error is well-taken. The judgment of the Toledo Municipal Court is reversed and the matter is remanded for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment reversed.

4.

Toledo v. Zapata
C.A. No. L-14-1181

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                                    JUDGE

Arlene Singer, J.

                                          _____
James D. Jensen, J.                                        JUDGE
CONCUR.

                                          _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.