DECISION AND JUDGMENT ENTRY
{¶ 1} Charles J. Patterson ("Appellant") appeals the judgment of the Pickaway County Court of Common Pleas which found him guilty of a single count of illegal conveyance of prohibited items onto the grounds of a detention facility or institution in violation of R.C. 2921.36. The Appellant argues: (1) that the trial court erred by admitting the testimony of an inspector and a trooper regarding the contents of an inaccessible surveillance tape in violation of Evid.R. 1002 and his due process rights; and (2) that his conviction was against the manifest weight of the evidence. Because we find that the trial court did not err in admitting the testimony of the investigator and the trooper, and that the trial court's judgment was not against the manifest weight of the evidence, we affirm the judgment of the trial court.
 I. Facts. {¶ 2} The officials at the Pickaway Correctional Institution (PCI) investigate criminal activity occurring on the grounds of the institution and the Ohio State Highway Patrol assists in these investigations. Jeffrey Howard ("investigator") is the investigator at PCI and at the time of the incident, Archie Spradlin ("trooper") was the Trooper assigned to PCI. As part of their investigations, PCI officials monitor telephone calls coming in and going out of the institution. One inmate at PCI, Howard Good ("Good"), became a suspect via telephone conversations with his son, the Appellant, which allegedly arranged for the Appellant to bring contraband into the institution. Based on a review of the telephone calls between the two, it was determined that Appellant was going to visit Good on July 22, 2004, and during that visit, the Appellant would attempt to convey drugs into PCI.
 {¶ 3} The Appellant met with Good at PCI on July 22, 2004. The investigator began monitoring the Appellant once he entered the visitation area. Upon entering the visitation area, the Appellant was seated at a table in the proximity of Corrections Officer Shubert ("CO"). The investigator then observed the Appellant walk up to the microwave oven in the visitation area, reach inside his pocket, pull out a package, and place the package behind the microwave. Based on these acts, the Pickaway County grand jury indicted the Appellant for a single count of illegal conveyance of prohibited items onto the grounds of a detention facility or institution in violation of R.C. 2921.36, a felony of the third degree. The Appellant was thereafter arrested and entered a plea of not guilty. He posted a surety and own recognizance bond and was released from the Pickaway County jail.
 {¶ 4} A jury trial commenced and a guilty verdict was returned. The trial court ordered a pre-sentence investigation, and upon its completion, sentenced the Appellant to a one year term of incarceration. The Appellant now appeals this judgment, asserting the following assignments of error:
 {¶ 5} I. THE TRIAL COURT ERRED BY ADMITTING THE TESTIMONY OF INSPECTOR JEFFREY HOWARD AND STATE HIGHWAY PATROL TROOPER ARCHIE SPRADLIN REGARDING THE CONTENTS OF THE SURVEILLANCE TAPE OF THE VISITING ROOM OF THE PICKAWAY CORRECTIONAL INSTITUTION IN VIOLATION OF EVID.R. 1002 AND THE RIGHT TO DUE PROCESS AS GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 6} II. IN VIOLATION OF DUE PROCESS, THE JURY'S VERDICT FINDING CHARLES PATTERSON GUILTY OF ILLEGAL CONVEYANCE OF A PROHIBITED ITEM ONTO THE GROUNDS OF A DETENTION FACILITY OR INSTITUTION AS ALLEGED IN COUNT ONE OF THE INDICTMENT WAS ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. Admission of Testimony. {¶ 7} In his first assignment of error, the Appellant argues that the trial court erred when it admitted the testimony of Inspector Jeffrey Howard ("inspector") and State Highway Patrol Trooper Archie Spradlin ("trooper") regarding the contents of the surveillance tape of the visiting room of the Pickaway Correctional Institution. The Appellant contends that the admission of the testimony of the inspector and the trooper violated the "best evidence rule", Evid.R. 1002, and the right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 8} Generally, when proving the contents of a recording, the original recording is required. The "best evidence rule" provides:
To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio.
Evid.R. 1002. Evid.R. 1004 sets forth an exception to the best evidence rule. It provides:
The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith * * *."
 {¶ 9} In State v. Spradlin, Pike App. No. 04CA727,2005-Ohio-4704, at ¶¶ 15-16, this court analyzed due process implications where the "best evidence" has been lost or destroyed. There, we stated:
The Due Process Clause protects a criminal defendant from being convicted where the State has failed to preserve materially exculpatory evidence or in bad faith has destroyed potentially useful evidence. See Arizona v. Youngblood (1988), 488 U.S. 51,57-58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281; State v. Benton
(2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046. In order to be materially exculpatory, "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta (1984), 467 U.S.479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413. The defendant bears the burden of proving that lost or destroyed evidence is materially exculpatory and that the evidence cannot be obtained by other reasonable methods. See id.; Columbus v. Forest (1987),36 Ohio App.3d 169, 171-72, 522 N.E.2d 52.
When evidence is only potentially useful, its destruction does not violate due process unless the police acted in bad faith. Id. "The term bad faith generally implies something more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." State v. Franklin, Montgomery App. No. 19041, 2002 Ohio 2370, quoting State v. Buhrman (Sept. 12, 1977), Greene App. No. 96CA145, 1997 Ohio App. LEXIS 1093.
 {¶ 10} In applying this rule of law to the facts herein, our review of the transcript shows that the Appellant has not proven that the video recording was materially exculpatory. It was his duty, as discussed supra, to prove the exculpatory quality of the unavailable evidence, and he has not established this fact. Also, there is no evidence of bad faith in the destruction of the video recording. The trooper testified that the recording was unintentionally erased when he asked the investigator to take a second look at it. As discussed supra, "bad faith" requires something more than mere negligence. This testimony strongly suggests that the video recording was negligently destroyed.
 {¶ 11} Additionally, testimony unequivocally establishes that the Appellant was at the microwave oven in the visitation area on the date in question. Telephone calls prior to the date of the conveyance establish the date of the conveyance and the individuals involved in the transaction, as well as laying the foundation for the actual recovery of the contraband behind the microwave. Therefore, the evidence strongly suggests that the video recording would not have been materially exculpatory for the Appellant. Because the Appellant failed to establish that the video recording was materially exculpatory, or that the investigator destroyed the video recording in bad faith, and because Evid.R. 1004(1) provides an exception to the best evidence rule for recordings that have been lost or destroyed where bad faith was not involved, the Appellant's first assignment of error is overruled.
 III. Manifest Weight of the Evidence. {¶ 12} In his second assignment of error, the Appellant contends that the jury's verdict finding him guilty of illegal conveyance of a prohibited item onto the grounds of a detention facility or institution was against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180,193, 702 N.E.2d 866. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v.Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus.
 {¶ 13} The trial testimony readily establishes that the Appellant was the party that conveyed the drugs into PCI. The Appellant's telephone conversations with his father prior to the date of conveyance established a plan for the Appellant to bring the contraband into PCI. The Appellant's visit to PCI occurred immediately following his father's release from solitary confinement. The investigator, the CO, and another inmate each observed the Appellant in close proximity to the microwave in the visitation room. The investigator testified that he observed the Appellant placing a package behind the microwave during the visit with his father. The trooper substantiated the investigator's testimony, testifying that he observed the same actions when he viewed the recording of the Appellant's visit to PCI. When law enforcement officials recovered the package, they found drugs. Therefore, as each of the elements of illegal conveyance under R.C. 2921.36 is supported by substantial evidence, the trial court's judgment was not against the manifest weight of the evidence. The Appellant's second assignment of error is not well-taken.
 IV. Conclusion. {¶ 14} Because we find that the trial court did not err in admitting the testimony of the investigator and the trooper, and that the trial court's judgment was not against the manifest weight of the evidence, we affirm the judgment of the Pickaway County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.