DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Chillicothe Municipal Court judgment of conviction and sentence. David Woods, defendant below and appellant herein, pled no contest to driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a).
 {¶ 2} Appellant assigns the following error for review:[1]
 "THE TRIAL COURT ERRED WHEN IT HELD THAT THE STATE'S FAILURE TO PRESERVE AND ULTIMATELY *Page 2 
DESTROYED [sic] THE VIDEOTAPE EVIDENCE IN THE DEFENDANT'S CASE WAS NOT IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 {¶ 3} On June 3, 2007, a Trooper Morgan of the Ohio State Highway Patrol stopped appellant for, inter alia, driving under the influence of alcohol. A camera in Trooper Morgan's cruiser recorded the encounter.
 {¶ 4} Subsequently, appellant filed a motion and requested that the videotape from Trooper Morgan's cruiser be preserved. The trial court approved the motion. The parties did not know, however, that lightening had struck the Patrol Post the day of appellant's arrest and destroyed videotape evidence, including the recording of appellant's stop.
 {¶ 5} When appellant learned that the videotape had been destroyed, he moved to dismiss the case. The parties submitted the matter to the trial court on briefs and testimony taken from another case that involved the same issue. The trial court denied appellant's motion on grounds that he did not prove the video was exculpatory and, in any event, the video was destroyed by "an outside lightening bolt" without any misfeasance or malfeasance.
 {¶ 6} Appellant thereafter pled no contest, was found guilty and sentenced to serve twenty-one (21) days in jail and pay a fine. This appeal followed.[2]
 {¶ 7} Appellant asserts in his sole assignment of error that the trial court erred by denying his motion to dismiss. Specifically, he contends that the court erroneously found that the Highway Patrol had not acted in "bad faith."
 {¶ 8} The Due Process Clause of the Fourteenth Amendment guards against a *Page 3 
conviction in which the State has failed to preserve materially exculpatory evidence or destroyed, in bad faith, potentially useful evidence. See Arizona v. Youngblood (1988) 488 U.S. 51, 57-58,109 S.Ct. 333, 102 L.Ed.2d 281. A defendant bears the burden to prove that the lost or destroyed evidence is materially exculpatory, although we have acknowledged that the burden may shift when law enforcement destroys the evidence. See e.g. State v. Sneed, Lawrence App. No. 06CA18,2007-Ohio-853, at ¶ 5. For our purposes here, "bad faith" means more than bad judgment or negligence. Rather, bad faith connotes "a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another."State v. Patterson, Pickaway App. No. 05CA34, 2006-Ohio-4439, at ¶ 9;State v. Spradlin, Pike App. No. 04CA727, 2005-Ohio-4704, at ¶¶ 15-16.
 {¶ 9} Applying these principles to the case sub judice, we agree with the trial court's conclusion. First, this is not a situation in which a law enforcement agency failed to preserve evidence; rather, this is a case in which an "act of God" destroyed the evidence. A "failure" implies a degree of nonfeasance — or to prove deficient or lacking or not meeting a certain minimum standard. American Heritage Dictionary (2nd College Ed.) 485. We fail to see what measures the Ohio Highway Patrol could have taken to guard against this type of event.
 {¶ 10} Similarly, we fail to understand how the Ohio Highway Patrol acted in bad faith. Appellant argues that the appellee acted in "bad faith" because the Highway Patrol knew that a problem existed with the video system before the lightening strike. Appellant, however, fails to cite anything in the transcript to support that proposition. To *Page 4 
the contrary, the transcript reveals that Lee Darden of the Highway Patrol testified that he was not aware of any malfunction in the video system.
 {¶ 11} Appellant also suggests that the appellee and the Highway Patrol acted in "bad faith" because some of the system's video was recoverable and "at no time" had he been "supplied with the video tape evidence of his traffic stop." We believe, however, that appellant takes a very stilted view of the transcript. Trooper Darden did testify that "some data could be retrieved," but he also testified some data was "irretrievably lost." Appellant offers no evidence to suggest that his video was part of the recovered data. We should not speculate whether appellant's video was part of the video that the repair people could retrieve from the system.
 {¶ 12} For these reasons, we find no merit in appellant's assignment of error and we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Appellant neglected to include a statement of assignments of error in his brief. See App. R. 16(A)(3). We have taken the assignments of error from the table of contents.
[2] In exchange for appellant's no contest plea, appellee dismissed appellant's remaining traffic citations. *Page 1